## 9155

### REEVES v. ATLANTIC COAST LINE RAILROAD CO.

#### (85 S. E. 1059.)

RAILROADS. ANIMALS INJURED ON TRACKS. NONSUIT. CHARGE. NEGLIGENCE.

1. RAILROADS—ANIMALS ON TRACK—ISSUES.—Where there is a conflict of testimony as to whether an injury to a horse on a railroad track could have been avoided by the use of due care on the part of the railroad company's servants, a nonsuit should not be granted in an action against such company for the damages arising from the injury.

2. CHARGE—NEGLIGENCE.—Where a charge predicated plaintiff's right to recover upon proof that his horse was negligently or wilfully killed by the defendant's servants, an instruction to define killing, "if the horse was so injured by getting into the trestle, if it went there through natural fright, or through the negligence of the defendant's servants, if it was in such condition that it had to be killed, its value would be the measure of damages," was not objectionable as allowing recovery where horse was killed through natural fright, and not negligence of defendant.

Before BOWMAN, J., Walterboro, March, 1914. Affirmed.

Action by J. M. Reeves against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. Peurifoy Bros.* and *L. B. Houck,* for appellant, cite: *As to nonsuit:* 77 S. C. 343.

*Messrs. Padgett & Moorer,* for respondent, cite: *As to charge:* 78 S. C. 72; 87 S. C. 169; 77 S. C. 403; 98 S. C. 262.

August 12, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment against defendant for damages for the killing of his horse under these circumstances: Defendant's pay train had stopped at Adams Run. While standing there, plaintiff's horse got out of his lot near the station, and strayed upon the track. When the train was ready to move, the fireman got off the engine to drive the horse off the track. There was a trestle about 400 yards ahead, and the horse went down the track until he got to the trestle, when he turned and came back, meeting the train, which was slowly approaching. According to plaintiff's testimony, the fireman, and conductor, who had joined him in his efforts to drive the horse off the track, frightened him and prevented him from going back towards his lot, which he tried several times to do, and drove him toward the trestle. Finally, frightened by the fireman and conductor and the noise of the approaching engine and train, and being prevented from going back to his lot, he ran down the track and jumped into the trestle, breaking one of his fore legs so that he had to be killed. Plaintiff testified that the accident could easily have been avoided if the fireman and conductor had gotten off the track and let the horse pass them, or if they had gotten off and gone around him and gotten between him and the trestle, which they knew was ahead; but they persisted in driving him toward the trestle, thinking, no doubt, that he would leave the track on one side or the other before going upon the trestle. On the other hand, the defendant's testimony tended to show that the fireman did get between the horse and the trestle and tried to drive him back past the train, but that he was

frightened and ran by the fireman, and, in doing so, came near running over him.  This, however, was denied by the plaintiff and another witness.

The foregoing statement of the evidence shows that it was conflicting on a material issue.  There was, therefore, no error in refusing defendant's motion for nonsuit and direction of the verdict.

The Judge charged the jury clearly and emphatically that unless plaintiff proved by the preponderance of the evidence that defendant's servants were negligent, and that their negligence caused the injury, they must find for defendant.  He charged also that if the horse was frightened by the noise of the train, operated with due care, the company would not be liable for the consequences of such fright.  In the first part of the charge he told the jury "if they killed it negligently or wilfully, then the law says they must pay for it," and, at the last, he said: "Now, when I speak of the killing of the horse, if the horse was so injured by getting into the trestle, if it went in there through natural fright or through the negligence of the railroad, through its agents, servants and employees, if it was in such a condition that it had to be killed, then whatever the. value of the horse was would be the measure of damages."

Appellant assigns error in this instruction, in that it was equivalent to saying that, if the horse was killed as the result of his "natural fright," and not the negligence of defendant, defendant would, nevertheless, be liable.  The charge, as a whole, shows that such was not the intention of the Court, and we are satisfied that the jury did not so understand it.  The idea which the Court sought to convey was that defendant would be liable, although it did not actually kill the horse, if it had to be killed as the result of defendant's negligence and the "natural fright" there spoken of was that caused by such negligence.  The charge, as a whole, could not have been understood otherwise.

Judgment affirmed.